# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MATHEW BYRD, | * |
| *Plaintiff,* | * |
| v. | *    Civil Action No. RDB-25-1515 |
| FCI CUMBERLAND, *et al.,* | * |
| *Defendants.* | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM ORDER</u>

In this civil rights action, Plaintiff Mathew Byrd ("Mr. Byrd") alleges that he was attacked by a fellow inmate on July 22, 2023, while incarcerated at Federal Correctional Institution Cumberland in Cumberland, Maryland. (ECF No. 15-1.) His proposed four-count Amended Complaint brings two counts against Defendant the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* (Counts I and II). He also alleges two *Bivens* claims,[1] each of which alleges Eighth Amendment violations by prison personnel in their individual capacities: the Warden of FCI Cumberland, Defendant Crystal Carter; various John and Jane Doe medical personnel Defendants; and John Doe correctional officer Defendants (collectively, including the United States, "Defendants") (Counts III and IV).[2] Mr. Byrd is

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a damages remedy to vindicate violations of constitutional rights committed by federal agents. *See Zimbelman v. Savage*, 228 F.3d 367, 370 (4th Cir. 2000) (citing *Bivens*, 403 U.S. at 388)). The Supreme Court has described *Bivens* as a "more limited federal analog" to the cause of action created for constitutional violations by state officials in 42 U.S.C. § 1983. *See Hernandez v. Mesa*, 589 U.S. 93, 109 (2020) (quotations omitted) (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

[2] The proposed Amended Complaint states, under its "Jurisdiction and Applicable Law" section, that the Federal Tort Claims Act is the relevant cause of action for Counts I, II, *and* III. The enumerated counts

currently incarcerated at the Pittsburgh RRM, a halfway house in Pittsburgh, Pennsylvania, with a projected release date of March 20, 2027. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (search by register number: 70281-061) (last accessed June 11, 2026).

There are two motions presently pending before the Court. The first is Defendants' Motion to Dismiss for Failure to State a Claim and Insufficient Service of Process, or in the Alternative, for Summary Judgment (ECF No. 7), which seeks dismissal of Mr. Byrd's original complaint in this case. The second is Mr. Byrd's Motion for Leave to File Amended Complaint (ECF No. 15). Mr. Byrd's Motion for Leave stipulates to a dismissal of the claims in the original Complaint in favor of pursuing the four counts as pleaded in the proposed Amended Complaint. (ECF No. 15-1.) Counsel for Defendants confirmed by e-mail on June 15, 2026, that Defendants do not oppose Mr. Byrd's Motion for Leave.[3]

Accordingly, the Motion for Leave (ECF No. 15) being unopposed, Defendants' Motion to Dismiss (ECF No. 7) is DENIED AS MOOT. *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) ("Ordinarily, an amended complaint supersedes those that came before it."); *accord Howard v. Ocwen Loan Servicing, Inc.*, RDB-18-3296, 2019 WL 4750333, at *2 (D. Md. Sep. 30, 2019). Mr. Byrd's Unopposed Motion for Leave to File Amended Complaint (ECF No. 15) is GRANTED.

Accordingly, it is this 16th day of June 2026 HEREBY ORDERED that:

1.  Defendants' Motion to Dismiss for Failure to State a Claim and Insufficient Service

---

listed later in the Amended Complaint, however, make clear that only Counts I and II arise under that law, while Counts III *and* IV are *Bivens* claims against the individual Defendants. *See* (ECF No. 15-1).

[3] That e-mail is on file with the Court.

of Process, or in the Alternative, for Summary Judgment (ECF No. 7) is DENIED

AS MOOT;

2.  Plaintiff Mathew Byrd's Unopposed Motion for Leave to File Amended Complaint

(ECF No. 15) is GRANTED; and

3.  The Clerk of this Court shall transmit copies of this Order to counsel.

_____/s/_____

Richard D. Bennett
United States Senior District Judge

3